United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JESUS TORRES,

        Plaintiff,

    v.

BLUE BOTTLE COFFEE, LLC,

        Defendant.

Case No. 26-cv-03245-LB

**ORDER REMANDING CASE**

Re: ECF No. 11

**INTRODUCTION**

Plaintiff Jesus Torres, who alleges that he is blind and uses screen-reader software to read website content, sued defendant Blue Bottle Coffee in San Francisco Superior Court, alleging a single claim under California's Unruh Civil Rights Act, Cal. Civ. Code § 51, based on alleged accessibility barriers on Blue Bottle's website, bluebottlecoffee.com.[1] Blue Bottle removed the case to federal court based on diversity jurisdiction.[2] The plaintiff now moves to remand, conceding the parties' diversity of citizenship and contesting only the amount in controversy.[3] In

---

[1] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 3–5 (¶¶ 1–2, 9), 12 (¶ 54), 14 (¶ 64). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 1 at 2–7.

[3] Mot. – ECF No. 11 at 3.

ORDER – No. 26-cv-03245-LB

his complaint, the plaintiff expressly limits his recovery of statutory damages to no more than $24,999 and the cost of his requested injunctive relief to no more than $50,000, for a total of $74,999.[4] Blue Bottle contends that the amount in controversy nonetheless exceeds $75,000 because (1) the complaint alleges "ongoing" and "separate" violations supporting statutory damages that alone satisfy the jurisdictional threshold, (2) the cost of the plaintiff's requested injunction exceeds $50,000 and cannot be limited by the plaintiff, and (3) the plaintiff may recover attorney's fees that would satisfy the jurisdictional threshold.[5]

The motion to remand is granted. Blue Bottle has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**STATEMENT**

On March 13, 2026, plaintiff Jesus Torres sued defendant Blue Bottle in San Francisco Superior Court (Case No. CGC-26-634886), alleging a single claim under the Unruh Civil Rights Act, Cal. Civ. Code § 51, based on alleged accessibility barriers on Blue Bottle's website.[6] The plaintiff, who claims to be a California resident, alleges he is a "visually-impaired and legally blind person" who requires screen-reading software to independently access the internet.[7] Blue Bottle is a limited liability company whose sole member, Nestle USA, Inc., is incorporated in Delaware and has its principal place of business in Virginia.[8]

The plaintiff alleges that on or about September 29, 2025, and December 18, 2025, he visited Blue Bottle's website and encountered "multiple access barriers," which denied him "full and equal access to the facilities, goods, and services offered . . . and made available to the public" on

[4] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 14–15 (¶¶ 67–68).

[5] Opp'n – ECF No. 16 at 2–3.

[6] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 3–4 (¶¶ 1–5), 12 (¶ 54), 13–15 (¶¶ 62–69).

[7] *Id.* at 3 (¶ 1), 5 (¶ 9).

[8] Notice of Removal – ECF No. 1 at 3 (¶ 5).

United States District Court
Northern District of California

the website.[9] As a result of these barriers, he "has been deterred, on a regular basis, from accessing the Website."[10] These violations are "ongoing" and have continued "until the current date."[11]

The plaintiff seeks three forms of relief: (1) statutory damages of "not less than $4,000 per violation" of the Unruh Act and a separate deterrence award of "not less than $4,000" under Cal. Civ. Code §§ 51–52(a); (2) preliminary and permanent injunctive relief to make Blue Bottle's website "fully accessible to, and independently usable by blind and visually-impaired individuals"; and (3) reasonable attorney's fees and costs.[12] He "expressly limits" his recovery of statutory damages to not more than $24,999. He limits his requested injunctive relief "to require that Defendant expend no more than $50,000 thereon."[13] He places no cap on his request for attorney's fees and costs.

Blue Bottle was served on March 18, 2026, and timely removed the case to federal court on April 16, 2026, invoking diversity jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship (the plaintiff is a citizen of California, and the defendant a citizen of Delaware and Virginia) and an amount in controversy exceeding $75,000 (based on the plaintiff's three forms of requested relief).[14] The plaintiff moved to remand the case to state court, contesting only the amount in controversy on the ground that the complaint "expressly caps Plaintiff's recovery at $74,999, with statutory damages limited to no more than $24,999 and the cost of injunctive relief limited to no more than $50,000."[15]

All parties have consented to magistrate-judge jurisdiction.[16] 28 U.S.C. § 636(c)(1). The court can decide the motion without oral argument. Civil L.R. 7-1(b).

---

[9] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 12 (¶ 54).

[10] *Id.* at 12 (¶ 55).

[11] *Id.* at 12 (¶ 54), 14 (¶ 64).

[12] *Id.* at 15 (prayer ¶¶ 2–6).

[13] *Id.* at 14–15 (¶¶ 67, 68).

[14] Notice of Removal – ECF No. 1 at 1–8.

[15] Mot. – ECF No. 11 at 3 (cleaned up).

[16] Consents – ECF Nos. 9, 12.

ORDER – No. 26-cv-03245-LB                3

United States District Court
Northern District of California

**LEGAL STANDARDS**

### 1. Removal Jurisdiction

A defendant may remove a case to federal court if the plaintiff could have filed the case here, meaning, if the court has federal-question or diversity jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because district courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "the court resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removing party has the burden of establishing the court's jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). That burden must be carried by a preponderance of the evidence. *See, e.g.*, *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

### 2. Diversity Jurisdiction and the Amount in Controversy

For diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs," and there must be complete diversity of citizenship between opposing parties. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The plaintiff is the master of his complaint. *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Where the plaintiff demands a specific sum, that sum controls the amount in controversy so long as the claim is made in good faith. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "The amount in controversy includes claims for general and special damages (excluding costs and interests), attorney[']s fees if recoverable by statute or contract, and punitive damages if recoverable as a matter of law." *J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110 JSW, 2009 WL 4510126, at *2 (N.D. Cal. Nov. 30, 2009) (cleaned up). Courts may also consider the cost of non-monetary relief, including injunctive relief, when determining the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413,

416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). For any nonmonetary relief sought, the Ninth Circuit applies the "either viewpoint" rule to determine the amount in controversy. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Under the either viewpoint rule, the amount in controversy is "the pecuniary result to either party which the judgment would directly produce." *Id.*

Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up).

When the plaintiff does not dispute the amount in controversy, "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But if the plaintiff contests the amount in controversy, then "[e]vidence establishing the amount is required," and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89; *see Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions."). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (cleaned up).

## ANALYSIS

The parties do not dispute diversity of citizenship under 28 U.S.C. § 1332(a). The issue is thus whether Blue Bottle has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. It has not. The motion to remand is granted.

### 1. Statutory Damages Do Not Exceed $24,999

Blue Bottle fails to show by a preponderance of the evidence that the statutory damages exceed $24,999.

Under the Unruh Act, a prevailing plaintiff may recover a minimum of $4,000 in statutory damages "for each and every offense" of prohibited discrimination. Cal. Civ. Code §§ 51–52(a). "'Each offense' is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit." *Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1211 (N.D. Cal. 2005) (cleaned up).

In its notice of removal, Blue Bottle calculated $36,000 in statutory damages based on its own estimate that the plaintiff made "three actual visits and six deterrence visits" to its website.[17] In its opposition, it updates this figure and argues that statutory damages alone satisfy the jurisdictional threshold of $75,000.[18] It reaches this conclusion based on language in the complaint that the plaintiff made "separate visits" to Blue Bottle's website, that violations are "ongoing," and that the violations have continued "until the current date."[19]

Blue Bottle's arguments are unsupported by the record. The plaintiff has pled three violations under the Unruh Act: two separate visits to Blue Bottle's website on September 29, 2025, and December 18, 2025, where he encountered "multiple access barriers" that deprived him of "full and equal access" to the website, and a single deterrence violation for which the plaintiff requests a $4,000 award.[20] The language in the complaint that Blue Bottle points to — including that violations are "ongoing" and have continued "until the current date" — is directed towards the plaintiff's requested injunctive relief and does not support additional violations beyond those specifically alleged by the plaintiff.[21] Conjecture based on select words in the complaint does not satisfy Blue Bottle's burden of establishing the amount of statutory damages by a preponderance

---

[17] Notice of Removal – ECF No. 1 at 6 (¶ 16).

[18] Opp'n – ECF No. 16 at 2, 6.

[19] *Id.* at 5–6 (citing Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 12 (¶ 54), 14 (¶ 64)).

[20] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 12 (¶ 54), 15 (prayer ¶ 5).

[21] Opp'n – ECF No. 16 at 5–6.

United States District Court
Northern District of California

of the evidence, nor does it show that there have been more violations beyond the three pled on the face of the complaint. There is no foundation in the record for Blue Bottle's assertion that statutory damages exceed $75,000.

Additionally, the plaintiff "expressly limits" his statutory recovery to $24,999 in his complaint.[22] The plaintiff is the master of his complaint and may limit the amount of statutory damages he seeks, so long as the claim is made in good faith. *Balcorta*, 208 F.3d at 1106; *Crum*, 231 F.3d at 1131; *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–90. Blue Bottle does not contend that the plaintiff's express limitation on statutory damages is in bad faith.

### 2. Blue Bottle Has Not Established the Cost of the Requested Injunctive Relief

Blue Bottle fails to offer sufficient evidence supporting the total cost of the plaintiff's requested injunctive relief. Blue Bottle contends that it can "expect to spend at least $50,000, if not much more," on changing its website if the plaintiff is granted preliminary and permanent injunctive relief.[23] Blue Bottle offers a declaration from its Global Vice President of Digital and Enterprise Technology as evidence.[24] The declarant, who is responsible for oversight and management of Blue Bottle's digital assets (including its website), attests that Blue Bottle has "invested at least $50,000 in Website accessibility efforts over just the last year."[25] Based on the declaration, Blue Bottle argues that the cost of remediating its website to the standards the plaintiff demands "would very likely exceed $50,000."[26]

This argument does not establish the amount in controversy. The declaration provides a generalized account of Blue Bottle's expenditures on "Website accessibility efforts" in the last year. It does not explain what those accessibility efforts were or how they affect the calculation of

---

[22] Compl., Ex A to Notice of Removal – ECF No. 1-1 at 14–15 (¶ 68).

[23] Opp'n – ECF No. 16 at 8.

[24] Hawkins Am. Decl. – ECF No. 22-2 at 2 (¶ 1). The court granted Blue Bottle's administrative motion to correct a clerical error in Francisca Hawkins's earlier-filed declaration at ECF No. 16-1. Mot. – ECF No. 22; Order – ECF No. 24.

[25] Hawkins Am. Decl. – ECF No. 22-2 at 2 (¶¶ 1, 3).

[26] Opp'n – ECF No. 16 at 3.

ORDER – No. 26-cv-03245-LB                    7

the costs of the "modifications of Defendant's policies and procedures related to the Website" sought by the plaintiff. The plaintiff expressly declines to request any architectural changes to Blue Bottle's website to make it fully accessible to blind and visually impaired individuals.[27] Without any explanation of how Blue Bottle's $50,000 investment in accessibility efforts relates to the modifications sought by the plaintiff, the declaration does not establish the costs of the plaintiff's requested injunctive relief or that it would "very likely exceed $50,000."[28]

Blue Bottle's cited cases do not change this outcome. In *Rodriguez v. Foot Locker Corp. Services*, the removing defendant presented a detailed declaration establishing that compliance with the plaintiff's accessibility-based injunctive relief would exceed $100,000. No. CV 20-8536-MWF (KSx), 2020 WL 6818448, at *2–3 (C.D. Cal. Nov. 20, 2020). The *Rodriguez* declarant explained that to comply with the injunction, the defendant would need to conduct a third-party audit of its website, hire a full-time website architect dedicated to accessibility, and increase its utilization of IT professionals. *Id.* And in *Gil v. Winn-Dixie Stores, Inc.*, the removing defendant presented testimony from its corporate representative that it would cost approximately $250,000 to comply with the plaintiff's accessibility-based injunctive relief, a figure based on the representative's prior experience implementing similar accessibility measures on websites.[29] 257 F. Supp. 3d 1340, 1345 (S.D. Fla. 2017). Blue Bottle's evidence — a three-paragraph declaration — does not approximate the evidence in these cases.

Blue Bottle also argues that the plaintiff cannot limit the total cost of injunctive relief to $50,000.[30] But even if the plaintiff's express limitation is ineffective, Blue Bottle must still carry "its burden to show by a preponderance of the evidence that the injunctive relief will cost enough to carry the amount in controversy over the jurisdictional threshold." *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1008 (C.D. Cal. July 8, 2020). It has not done so.

---

[27] Compl., Ex. A to Notice of Removal – ECF No. 1-1 at 15 (prayer ¶¶ 2–3).

[28] Opp'n – ECF No. 16 at 3.

[29] The judgment in *Gil*, 257 F.Supp.3d 1340, was later vacated. *See Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021).

[30] Opp'n – ECF No. 16 at 2, 7.

United States District Court
Northern District of California

### 3. Blue Bottle Has Not Shown the Amount of Attorney's Fees in Controversy

The Unruh Act permits prevailing plaintiffs to recover attorney's fees. Cal. Civ. Code §§ 51–52(a). Attorney's fees, including future attorney's fees recoverable by statute, are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).

Blue Bottle does not offer evidence establishing the amount of attorney's fees potentially at issue. It instead relies on two out-of-district Unruh Act cases where, it asserts, courts have awarded attorney's fees in excess of $75,000.[31] But in *Engel v. Worthington*, the court did not award the plaintiff any attorney's fees and instead remanded the issue to the trial court to determine the amount that should be awarded. 60 Cal. App. 4th 628, 635–36 (1997). *Engel* thus provides no basis for attorney's fees here. *Id.* And in *Antoninetti v. Chipotle Mexican Grill, Inc.*, the court awarded $317,927.50 in fees in a consolidated case involving two class actions and fifteen individual lawsuits. 49 F. Supp. 3d 710, 714, 725 (S.D. Cal. 2014), *aff'd sub nom.*, *Goldkorn v. Chipotle Mexican Grill, Inc.*, 669 F. App'x 920 (9th Cir. 2016). That posture is not comparable to that of the current action, which involves a single plaintiff asserting a single claim under the Unruh Act.

Blue Bottle's "$2 in Fees" theory does not establish the amount in controversy either. It presupposes that damages already total $74,999 (statutory damages of up to $24,999 and injunctive-relief costs of up to $50,000), which means that a mere $2 in fees would exceed the threshold $75,000.[32] While statutory damages are capped at $24,999, realistically, they are $12,000, and Blue Bottle has not established its injunctive-relief costs (as discussed above). Even assuming statutory damages of $24,999, fees would have to exceed $50,000, which Blue Bottle does not contend and the record does not support.

---

[31] *Id.* at 8.

[32] *Id.* at 8–9.

United States District Court
Northern District of California

## CONCLUSION

Blue Bottle has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because doubts about removal are resolved in favor of remand, remand is required. The case is remanded to the San Francisco Superior Court.

This resolves ECF No. 11.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California